Stephanie L. Jonaitis
**TROUTMAN PEPPER LOCKE LLP**
104 Carnegie Center Drive, Suite 203
Princeton, NJ 08540
Tel.: (609) 951-4212
Fax: (609) 452-1147
Email: Stephanie.Jonaitis@troutman.com

*Counsel for Plaintiffs*
*Jiaxing Super Lighting Electric Appliance Co., Ltd.*
*and Obert, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Jiaxing Super Lighting Electric Appliance Co., Ltd. and Obert, Inc.<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>All Star Lighting Supplies, Inc., d/b/a Luxrite, and Xiamen Pvtech Corporation, Ltd.<br><br>　　　　　Defendants. | JURY TRIAL DEMANDED<br><br>Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Filed Electronically) |

**L. CIV. R. 10.1 STATEMENT**

The address for Jiaxing Super Lighting Electric Appliance Co., Ltd. is No. 1288 Jiachuang Rd., Xiuzhou Area, Jiaxing, Zhejiang, China, and the address for Obert, Inc. is 12245 Florence Ave., Santa Fe Springs, CA 90670. Plaintiffs are represented by Stephanie L. Jonaitis of Troutman Pepper Locke LLP, 104 Carnegie Center Dr., Suite 203, Princeton, NJ 08540.

The listed address for All Star Lighting Supplies, Inc., d/b/a Luxrite, is 33 Randolph Avenue, Avenel, NJ 07001. The listed address for Xiamen Pvtech Corporation, Ltd. is No. 206, Middle Neian Road, Xiamen, Fujian, China.

316429364

**COMPLAINT**

Jiaxing Super Lighting Electric Appliance Co., Ltd ("Super Lighting") and Obert, Inc. ("Obert") (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Complaint against defendants All Star Lighting Supplies, Inc., d/b/a Luxrite ("Luxrite") and Xiamen Pvtech Corporation, Ltd. ("Pvtech") (collectively, "Defendants"), averring and alleging as follows:

## Parties

1.      Super Lighting is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at No. 1288 Jiachuang Rd., Xiuzhou Area, Jiaxing, Zhejiang, China.

2.      Obert is the North American division of Super Lighting and is a corporation organized under the laws of the State of California with its principal place of business at 12245 Florence Ave., Santa Fe Springs, CA 90670. Obert operates a sales office and serves customers in the U.S. market.

3.      Luxrite is a New Jersey corporation with its principal place of business at 33 Randolph Avenue, Avenel, NJ 07001.

4.      Pvtech is a company organized and existing under the laws of the People's Republic of China with its principal place of business at No. 200, Middle Neian Road, Xiamen, Fujian, China.

## Background

5.      Super Lighting and Obert share a parent, Zhejiang Super Lighting Electric Appliance Co. Ltd, and those three companies are collectively referred to as "Super Lighting Group" in this section.

6.      Super Lighting Group is an industry-leading manufacturer of commercial and industrial indoor lighting and has more than 2,100 employees worldwide. Super Lighting Group

offers a full range of energy-efficient tube lighting products, from fluorescent to LED lighting. Super Lighting Group's mission is to help create a more environmentally friendly and sustainable society working closely with all brand-name players. Super Lighting Group is today a significant supplier of LED tubes in the United States and the world.

7.      Since being established in 1993, Super Lighting Group has conducted extensive research and development of its patented lighting technologies, including fluorescent and LED tube lighting products. As an innovator in the LED tube lamp sector, Super Lighting Group has made substantial investments over the past two decades that have driven progress across the lighting industry. Super Lighting Group's investment has resulted in continuous innovation in the lighting sector, including to meet standards for safety and reliability. Super Lighting Group has an established patent portfolio of more than 600 patents worldwide primarily related to LED tube lamps, which are widely used in Double Ended Type B tube LED (Ballast Bypass), Type A tube LED (Direct Replacement), and mixed-mode tube LED (Type A + Type B), the subject of this litigation.

8.      Upon information and belief, Luxrite is a supplier of lighting products in the U.S. market and manufactures, imports, uses, offers to sell, and sells infringing T8 Universal LED retrofit tube lighting products including but not limited to models LR34241-34245, LR34231-LR34238, LR34190-LR34199, LR34070-LR34079, and LR34180-LR34184.

9.      Upon information and belief, Pvtech manufactures infringing T8 Universal LED retrofit tube lighting products, including at least models LR 34241-34245 and LR34231-LR34238, and imports, sells, and offers to sell these infringing tube lighting products to Luxrite in the United States.

**Patents-in-Suit**

10.     On December 6, 2022, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 11,519,567 (the "'567 Patent") entitled "LED tube lamp." A true and correct copy of the '567 Patent is attached hereto as Exhibit 1.

11.     On September 7, 2021, the USPTO duly and legally issued U.S. Patent No. 11,112,068 (the "'068 Patent") entitled "LED tube lamp." A true and correct copy of the '068 Patent is attached hereto as Exhibit 2.

12.     On April 17, 2018, the USPTO duly and legally issued U.S. Patent No. 9,945,520 (the "'520 Patent") entitled "LED tube lamp." A true and correct copy of the '520 Patent is attached hereto as Exhibit 3.

13.     On December 12, 2017, the USPTO duly and legally issued U.S. Patent No. 9,841,174 (the "'174 Patent") entitled "LED tube lamp." A true and correct copy of the '174 Patent is attached hereto as Exhibit 4.

14.     On August 13, 2019, the USPTO duly and legally issued U.S. Patent No. 10,378,700 (the "'700 Patent") entitled "LED tube lamp." A true and correct copy of the '700 Patent is attached hereto as Exhibit 5.

15.     On February 20, 2024, the USPTO duly and legally issued U.S. Patent No. 11,906,115 (the "'115 Patent") entitled "LED tube lamp." A true and correct copy of the '115 Patent is attached hereto as Exhibit 6.

16.     On May 15, 2018, the USPTO duly and legally issued U.S. Patent No. 9,970,602 (the "'602 Patent") entitled "LED tube lamp and power supply module applicable thereto." A true and correct copy of the '602 Patent is attached hereto as Exhibit 7.

17.    On November 15, 2022, the USPTO duly and legally issued US Patent No. 11,499,682 (the "'682 Patent") entitled "LED tube lamp and a power supply module thereof." A true and correct copy of the '682 Patent is attached hereto as Exhibit 8.

18.    On February 11, 2020, the USPTO duly and legally issued U.S. Patent No. 10,560,989 (the "'989 Patent") entitled "LED tube lamp." A true and correct copy of the '989 Patent is attached hereto as Exhibit 9.

19.    On September 10, 2024, the USPTO duly and legally issued U.S. Patent No. 12,085,263 (the "'263 Patent") entitled "LED tube lamp." A true and correct copy of the '263 Patent is attached hereto as Exhibit 10.

20.    Super Lighting is the sole owner of the '567 Patent, '068 Patent, '520 Patent, '174 Patent, '700 Patent, '115 Patent, '602 Patent, '682 Patent, '989 Patent, and '263 Patent (collectively the "Patents-in-Suit") and holds the right to take all actions necessary and join actions by Obert to enforce its rights to the Patents-in-Suit including the filing of this lawsuit and recover damages for Defendants' infringement of the Patents-in-Suit.

21.    Obert is the exclusive licensee of the Patents-in-Suit and has the right to bring and join actions by Super Lighting to recover damages for the Defendants' infringement of the Patents-in-Suit.

## Jurisdiction and Venue

22.    This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

23.    This Court has specific and personal jurisdiction over Defendants because, on information and belief, Defendants have substantial, continuous, and systematic minimum

contacts with this forum. Upon information and belief, Luxrite has physical locations, including its principal place of business, and transacts substantial business, in this Judicial District and Pvtech sells and supplies infringing tube lighting products to Luxrite to be sold in New Jersey; therefore obtaining the benefits and protections of the state's laws; the dispute arises out of and has a substantial connection with Defendants' contacts with New Jersey, including Defendants' importation, use, offer for sale, and sale of infringing tube lighting products; and the exercise of jurisdiction would be fair and reasonable.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400(b) because, upon information and belief, Defendants have transacted business in New Jersey, committed acts of direct and indirect infringement in this district, and Luxrite has a principal place of business in New Jersey. Defendants' acts of infringement through their own acts and/or through the acts of others include importing into, making, using, offering to sell, and/or selling infringing tube lighting products in this district. Defendants regularly do and solicit business in this district, and have the requisite minimum contacts with the district, such that the venue here is fair and reasonable.

## Operative Facts

25.     Defendants have infringed and continue to infringe the Patents-in-Suit. Charts showing infringement of exemplary claims of the Patents-in-Suit by representative features and functionality of accused tube lighting products are attached as Exhibits 11-20 and are incorporated herein. Plaintiffs reserve the right to assert additional patents and claims and to identify additional accused tube lighting products.

26.     As described below, Defendants have been and continue to infringe the Patents-in-Suit by making, using, offering for sale, selling, or importing accused tube lighting products that practice the Patents-in-Suit.

27.     On April 12, 2023, Super Lighting identified infringing LED tube lighting products being sold on the Amazon platform by Luxrite, including models LR34197, LR34237, and LR34192. Super Lighting subsequently followed up with Luxrite regarding its response to previously communicated information regarding its patent portfolio and business licensing opportunities. Luxrite did not respond.

28.     On May 9, 2023, Amazon notified Super Lighting that one of the infringing tube lighting products, identified by ASIN B08HPDKYLP, had been reinstated after Luxrite submitted a non-infringement argument. Amazon advised that Super Lighting must initiate the Amazon Patent Evaluation Express (APEX) procedure to pursue the removal of the infringing tube lighting products.

29.     Within weeks, Super Lighting signed its APEX agreement and informed Amazon of its intent to initiate the procedure against eight ASINs sold by Luxrite, including B08HPDKYLP,      B08HPFDLV1,      B08HPBRDJ5,      B08HPCGC73,      B08HPNVCYF, B08HPDZGBW, B08HPBSWHJ, and B08HPGCCBN. On May 25, 2023, the APEX procedure was initiated.

30.     Between May 21st to May 25th, 2023, Super Lighting salespeople met with Luxrite representatives at Light Fair 2023, where they discussed possible collaboration opportunities in the T8LED tube business.

31.     On June 2, 2023, as a gesture of good faith in ongoing business discussions, Super Lighting requested that Amazon reinstate seven listings of Luxrite's infringing tube lighting

products on its platform, including ASINs B09T1G8K3C, B09T1GP5N5, B09T1VBFC7, B09T24CL3F, B0BPJSPPNM, B0BPJVX48G, and B08HPVR3TX.

32.     On June 5, 2023, Super Lighting salespeople followed up with Luxrite through an email expressing their interest in becoming a business partner with Luxrite. In the same email, Super Lighting advised Luxrite on the status of the Amazon takedowns and made sincere offers to Luxrite in terms of what Luxrite could do: either to respond to Amazon and participate in the APEX proceeding and have a neutral evaluator resolve the infringement dispute if they believed their tube lighting products did not infringe or to purchase from Super Lighting patent-protected tube lighting products. In response, Luxrite indicated its interest in doing the LED tube lamp business with Super Lighting.

33.     On June 7, 2023, Amazon granted Super Lighting's June 2, 2023, request and reinstated the seven product listings on its platform.

34.     On June 16, 2023, Luxrite failed to participate in the APEX proceeding to present its non-infringement arguments, resulting in the removal of the eight disputed ASINs from Amazon.

35.     Between June 2023 and March 2024, Super Lighting and Luxrite exchanged many correspondences regarding product specifications and pricing. Throughout this period, Super Lighting consistently responded promptly to Luxrite's product inquiries and often delivered samples of its various patent-protected LED tube lighting products for Luxrite's evaluation. Despite Super Lighting's substantial efforts to establish a cooperative business relationship – demonstrated by its diligence and good faith – Luxrite failed to provide any constructive response. Luxrite did not, and has never, placed any purchase orders for patent-protected tube lighting products from Super Lighting, but instead continued to sell infringing tube lighting products.

36.    Upon information and belief, Pvtech was and continues to be the manufacturer and supplier of Luxrite's infringing tube lighting products on the Amazon platform. While Pvtech may have already been made aware by Luxrite of Super Lighting's patents, on September 18, 2023 Super Lighting directly notified Pvtech of its infringement of the '068 and '174 Patents by its LED tube lighting products through a notification letter written in Chinese. On October 31, 2023, Super Lighting sent a second notification to Pvtech regarding its infringement. Despite the fact that the notification letters were written in a language familiar to Pvtech, Pvtech never responded.

37.    On July 2, 2024, Super Lighting, through its outside counsel, provided another notice to Luxrite of its infringement by the accused tube lighting products, including models LR34070-LR34079, LR34180-LR34184, LR34190-LR34194, LR34195-LR34199 and LR34231-LR34237 under multiple patents, including the '174 Patent, '520 Patent, '700 Patent, '068 Patent, '567 Patent, and '115 Patent. The notice included exemplary claim charts demonstrating infringement by tube lighting products LR34190, LR34180, LR34195, and LR34235.

38.    On July 15, 2024, Luxrite responded that its original equipment manufacturer (OEM) factory would respond to the infringement issues and stated that the tube lighting products LR34070-LR34079, LR34180-LR34184, LR34190-LR34194, and LR34195-LR34199 had been discontinued and were no longer in production.

39.    On July 29, 2024, Luxrite forwarded to Super Lighting a July 27, 2024 letter from Pvtech's outside counsel regarding the infringement of the '174 Patent, '520 Patent, '700 Patent, '068 Patent, '567 Patent, and '115 Patent by models LR34231, LR34233, LR34235, and LR34236 supplied by Pvtech. On August 7, 2024, Super Lighting promptly replied to Luxrite, stating its reasoned objection to Pvtech's facially unsupported non-infringement arguments, and explained

that Pvtech's response further proved and confirmed its infringement. Luxrite remained silent in response to Super Lighting's further explanation.

40.    On August 13, 2024, Pvtech directly responded to Super Lighting and repeated the same unsupported non-infringement arguments.

41.    On August 16, 2024, Super Lighting notified Amazon again of Luxrite's infringement by LR34235 and other LED tube lighting products in the LR34231-LR34237 product series.

42.    On August 19, 2024, Luxrite inquired whether Super Lighting had received Pvtech's August 13, 2024 response. The next day, Super Lighting responded and reiterated the infringement issue, explained that Pvtech's position was fallacious, and further encouraged Luxrite to participate in the Amazon APEX proceeding and dispute its non-infringement claims before a neutral evaluator. Again, while Luxrite sat on its supplier Pvtech's non-infringement response, Luxrite took no action to seek resolution through an evaluator through APEX to defend its position.

43.    Thereafter, the Parties exchanged several communications. On October 17, 2024, Pvtech expressed interest in taking a license from Super Lighting. In response, Super Lighting sent its licensing program to Pvtech on October 24, 2024. However, Pvtech did not respond. Upon information and belief, Pvtech's complete silence regarding the license offer reflects a deliberate delay and a lack of good faith in engaging in meaningful discussions.

44.    Upon information and belief, Defendants deliberately continued to sell the infringing tube lighting products in the U.S. through channels other than the Amazon platform. On December 4, 2024, Super Lighting, through its outside counsel, again notified Luxrite and Pvtech of their ongoing infringement, as the same infringing tube lighting products remained openly available at numerous major retail stores, including Home Depot, Walmart, and Lowe's.

45.     On December 13, 2024, Pvtech responded with its patent list and sought a cross-license deal with Super Lighting. In response, on December 18, 2024, Super Lighting expressed that it has no interest in a cross-license with Pvtech. The two companies continued to exchange correspondence but were unable to reach any license agreement to resolve Pvtech's ongoing infringement.

46.     On January 10, 2025, Super Lighting once again warned Pvtech of its ongoing infringement, providing supporting claim charts that detailed the infringement of the '520 Patent, '068 Patent, and '567 Patent in Luxrite's LR34235 tube lighting products, which were manufactured and supplied by Pvtech.

47.     On February 23, 2025, Pvtech responded by stating that it does not supply Luxrite's LR34195, LR34190, and LR34180 tube lighting products.

48.     On March 10, 2025, Super Lighting reiterated its notification to Pvtech that the LR34235 product infringes the '520 Patent, '068 Patent, and '567 Patent. The following day, March 11, 2025, Super Lighting forwarded Pvtech's response – stating that it does not supply the LR34195, LR34190, and LR34180 tube lighting products – to Luxrite, and inquired about a license discussion with Luxrite on these tube lighting products.

49.     On March 18, 2025, Super Lighting provided Luxrite with its license program, but to date, no response has been received from Luxrite. Upon information and belief, Luxrite's continuous infringement of Super Lighting's patents, its refusal to buy patent-protected tube lighting products from Super Lighting, and its refusal to even discuss the offered patent licenses from Super Lighting to correct its wrongful infringement in its tube lighting products demonstrate a blatant disregard for Super Lighting's patent rights. On May 12, 2025, Super Lighting sent

separate correspondence to Luxrite and Pvtech detailing their infringement of each of the Patents-in-Suit.

50.     Upon information and belief, Luxrite continues to sell infringing tube lighting products in the market. Luxrite's 2025 product catalog still lists the following infringing tube lighting products for sale, including products Luxrite said in July 2024 were discontinued and not in production: LR34070-LR34079, LR34180-LR34184, LR34190-LR34194, and LR34195-LR34199.

51.     From at least the date of July 2, 2024, on which Luxrite was made aware of several of the Patents-in-Suit and the specific features and functionality Super Lighting accused of infringement in Defendants' tube lighting products, Defendants have continued to infringe without any sign of ceasing, deriving substantial value for their tube lighting products using Super Lighting's patented technologies and harming the legitimate interests of Super Lighting as the patent owners. Upon information and belief, Defendants' conduct, including their continuous infringement despite repeated notices, continued sales of tube lighting products which they represented as discontinued and no longer in production, tactically orchestrated and unfounded responses to the infringement allegations, unconstructive responses to the good faith offer of Super Lighting's patent license program, and malicious and purposeful delay in responses has been willful and egregious.

52.     To protect Plaintiffs' interests and those of its customers and licensing partners, Plaintiffs have no alternative but to file this litigation to stop Defendants' infringing activity.

## Count I

### (Infringement of U.S. Patent No. 11,519,567)

53.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 52 above as if fully set forth herein.

54.     The '567 Patent was duly and legally issued on December 6, 2022. The '567 Patent is valid and enforceable. A copy of the '567 Patent is attached hereto as Exhibit 1.

55.     In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '567 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 11 (the "'567 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '567 Patent.

56.     As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '567 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '567 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '567 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '567 Accused Products in the United States, while knowing that the '567 Accused Products infringe the '567 Patent.

57.     Upon information and belief, the '567 Accused Products satisfy each of the limitations of at least claim 1 of the '567 Patent, as further set forth in Exhibit 11 and incorporated herein.

58.     Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

59.     As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

60.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as July 2, 2024, Defendants had actual knowledge of the '567 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '567 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '567 Accused Products into the United States in disregard of the '567 Patent.

## Count II

## (Infringement of U.S. Patent No. 11,112,068)

61.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 60 above as if fully set forth herein.

62.     The '068 Patent was duly and legally issued on September 7, 2021. The '068 Patent is valid and enforceable. A copy of the '068 Patent is attached hereto as Exhibit 2.

63.     In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '068 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 12 (the "'068 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '068 Patent.

64.     As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '068 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '068 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '068 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '068 Accused Products in the United States, while knowing that the '068 Accused Products infringe the '068 Patent.

65.     Upon information and belief, the '068 Accused Products satisfy each of the limitations of at least claim 31 of the '068 Patent, as further set forth in Exhibit 12 and incorporated herein.

66.     Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

67.     As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

68.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as July 2, 2024, Defendants had actual knowledge of the '068 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '068 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '068 Accused Products into the United States in disregard of the '068 Patent.

**Count III**

**(Infringement of U.S. Patent No. 9,945,520)**

69.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 68 above as if fully set forth herein.

70.     The '520 Patent was duly and legally issued on April 17, 2018. The '520 Patent is valid and enforceable. A copy of the '520 Patent is attached hereto as Exhibit 3.

71.     The examiner of U.S. Patent Application No. 29/839,898 (the "'898 Application) cited the '520 Patent on a List of References Cited that was provided to the applicant on February 13, 2024. Upon information and belief, Pvtech was the applicant and assignee of the '898 Application, now issued as U.S. Patent No. D1,050,501 S. Thus, Pvtech was aware of the '520 Patent at least as early as February 13, 2024.

72.     In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '520 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 13 (the "'520 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '520 Patent.

73.     As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '520 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '520 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '520 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '520 Accused Products in the United States, while knowing that the '520 Accused Products infringe the '520 Patent.

74.     Upon information and belief, the '520 Accused Products satisfy each of the limitations of at least claim 1 of the '520 Patent, as further set forth in Exhibit 13 and incorporated herein.

75.     Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

76.     As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

77.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as July 2, 2024, Defendants had actual knowledge of the '520 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '520 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '520 Accused Products into the United States in disregard of the '520 Patent.

## Count IV

### (Infringement of U.S. Patent No. 9,841,174)

78.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 77 above as if fully set forth herein.

79.     The '174 Patent was duly and legally issued on December 12, 2017. The '174 Patent is valid and enforceable. A copy of the '174 Patent is attached hereto as Exhibit 4.

80.     In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '174 Patent by

making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 14 (the "'174 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '174 Patent.

81.     As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '174 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '174 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '174 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '174 Accused Products in the United States, while knowing that the '174 Accused Products infringe the '174 Patent.

82.     Upon information and belief, the '174 Accused Products satisfy each of the limitations of at least claim 32 of the '174 Patent, as further set forth in Exhibit 14 and incorporated herein.

83.     Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

84.     As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

85.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as July 2, 2024, Defendants had actual knowledge of the '174 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '174 Patent, Defendants have

continued to make use, offer for sale, sell, and/or import the '174 Accused Products into the United States in disregard of the '174 Patent.

## Count V

## (Infringement of U.S. Patent No. 10,378,700)

86.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 85 above as if fully set forth herein.

87.     The '700 Patent was duly and legally issued on August 13, 2019. The '700 Patent is valid and enforceable. A copy of the '700 Patent is attached hereto as Exhibit 5.

88.     In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '700 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 15 (the "'700 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '700 Patent.

89.     As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '700 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '700 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '700 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '700 Accused Products in the United States, while knowing that the '700 Accused Products infringe the '700 Patent.

90.     Upon information and belief, the '700 Accused Products satisfy each of the limitations of at least claim 1 of the '700 Patent, as further set forth in Exhibit 15 and incorporated herein.

91.     Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

92.     As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

93.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as July 2, 2024, Defendants had actual knowledge of the '700 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '700 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '700 Accused Products into the United States in disregard of the '700 Patent.

## Count VI

## (Infringement of U.S. Patent No. 11,906,115)

94.     Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 93 above as if fully set forth herein.

95.     The '115 Patent was duly and legally issued on February 20, 2024. The '115 Patent is valid and enforceable. A copy of the '115 Patent is attached hereto as Exhibit 6.

96.     In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '115 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 16 (the "'115 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '115 Patent.

97.     As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '115 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '115 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '115 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '115 Accused Products in the United States, while knowing that the '115 Accused Products infringe the '115 Patent.

98.     Upon information and belief, the '115 Accused Products satisfy each of the limitations of at least claim 1 of the '115 Patent, as further set forth in Exhibit 16 and incorporated herein.

99.     Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

100.    As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

101.    On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as July 2, 2024, Defendants had actual knowledge of the '115 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '115 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '115 Accused Products into the United States in disregard of the '115 Patent.

## Count VII

## (Infringement of U.S. Patent No. 9,970,602)

102.    Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 101 above as if fully set forth herein.

103.    The '602 Patent was duly and legally issued on August 15, 2018. The '602 Patent is valid and enforceable. A copy of the '602 Patent is attached hereto as Exhibit 7.

104.    In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '602 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 17 (the "'602 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '602 Patent.

105.    As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '602 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '602 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '602 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '602 Accused Products in the United States, while knowing that the '602 Accused Products infringe the '602 Patent.

106.    Upon information and belief, the '602 Accused Products satisfy each of the limitations of at least claim 1 of the '602 Patent, as further set forth in Exhibit 17 and incorporated herein.

107.    Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

108.    As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

109.    On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as the filing date of this lawsuit, Defendants had actual knowledge of the '602 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '602 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '602 Accused Products into the United States in disregard of the '602 Patent.

## Count VIII

### (Infringement of U.S. Patent No. 11,499,682)

110.    Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 109 above as if fully set forth herein.

111.    The '682 Patent was duly and legally issued on November 15, 2022. The '682 Patent is valid and enforceable. A copy of the '682 Patent is attached hereto as Exhibit 8.

112.    In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '682 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 18 (the "'682 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '682 Patent.

113.    As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '682 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '682 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '682 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '682 Accused Products in the United States, while knowing that the '682 Accused Products infringe the '682 Patent.

114.    Upon information and belief, the '682 Accused Products satisfy each of the limitations of at least claim 1 of the '682 Patent, as further set forth in Exhibit 18 and incorporated herein.

115.    Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

116.    As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

117.    On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as the filing date of this lawsuit, Defendants had actual knowledge of the '682 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '682 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '682 Accused Products into the United States in disregard of the '682 Patent.

## Count IX

### (Infringement of U.S. Patent No. 10,560,989)

118.    Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 117 above as if fully set forth herein.

119.    The '989 Patent was duly and legally issued on February 11, 2020. The '989 Patent is valid and enforceable. A copy of the '989 Patent is attached hereto as Exhibit 9.

120.    In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '989 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 19 (the "'989 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '989 Patent.

121.    As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '989 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '989 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '989 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '989 Accused Products in the United States, while knowing that the '989 Accused Products infringe the '989 Patent.

122.    Upon information and belief, the '989 Accused Products satisfy each of the limitations of at least claims 1 and 30 of the '989 Patent, as further set forth in Exhibit 19 and incorporated herein.

123.    Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

124.   As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

125.   On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as the filing date of this lawsuit, Defendants had actual knowledge of the '989 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '989 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '989 Accused Products into the United States in disregard of the '989 Patent.

## Count X

## (Infringement of U.S. Patent No. 12,085,263)

126.   Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 125 above as if fully set forth herein.

127.   The '263 Patent was duly and legally issued on September 10, 2024. The '263 Patent is valid and enforceable. A copy of the '263 Patent is attached hereto as Exhibit 10.

128.   In violation of 35 U.S.C. § 271(a), Defendants have been and are still infringing, either literally and/or under the doctrine of equivalents, one or more claims of the '263 Patent by making, using, offering for sale, selling, or importing infringing tube lighting products, including, but not limited to, the tube lighting products identified in Exhibit 20 (the "'263 Accused Products") to the United States. Plaintiffs reserve the right to assert additional claims of the '263 Patent.

129.    As evidenced by the correspondence described above in paragraphs 27 through 51, Pvtech has actively induced direct infringement of the '263 Patent by Luxrite and others, and Pvtech continues to induce Luxrite's and others' direct infringement of the '263 Patent, without authority in violation of 35 U.S.C. § 271(b), by supplying Luxrite and others with the '263 Accused Products, and actively encouraging Luxrite's and others' using, offering for sale, selling, or importing the '263 Accused Products in the United States, while knowing that the '263 Accused Products infringe the '263 Patent.

130.    Upon information and belief, the '263 Accused Products satisfy each of the limitations of at least claim 1 of the '263 Patent, as further set forth in Exhibit 20 and incorporated herein.

131.    Plaintiffs have no adequate remedy at law for Defendants' acts of infringement.

132.    As a direct and proximate result of Defendants' acts of infringement, Plaintiffs have suffered and continue to suffer damages and irreparable harm. Unless Defendants' acts of infringement are enjoined by this Court, Plaintiffs will continue to be damaged and irreparably harmed.

133.    On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore exceptional, warranting an award of treble damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. By at least as early as the filing date of this lawsuit, Defendants had actual knowledge of the '263 Patent and that Defendants' activities were infringing this patent. After receiving actual knowledge of the '263 Patent, Defendants have continued to make use, offer for sale, sell, and/or import the '263 Accused Products into the United States in disregard of the '263 Patent.

**Prayer for Relief**

134.    WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, as follows:

a.    A judgment in favor of Plaintiffs that Defendants have infringed and continue to infringe, either literally and/or under the doctrine of equivalents, the Patents-in-Suit;

b.    A permanent injunction prohibiting Defendants from further acts of infringement;

c.    A judgment and order requiring Defendants to pay Plaintiffs' damages, costs, expenses, and any enhanced damages, including under 35 U.S.C. § 284, to which Plaintiffs are entitled for Defendants' willful infringement;

d.    A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

e.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendants; and

f.    Any and all other relief, in law and in equity, as the Court may deem appropriate and just under the circumstances.

**Demand for Jury Trial**

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

DATED: June 30, 2025                    Respectfully submitted,

                                        Troutman Pepper Locke LLP

                                        By: */s/Stephanie L. Jonaitis*
                                        Stephanie L. Jonaitis
                                        104 Carnegie Center Dr., Suite 203
                                        Princeton, NJ 08540
                                        Tel: (609) 951-4212
                                        Email: Stephanie.Jonaitis@troutman.com

                                        *Counsel for Plaintiffs Jiaxing Super Lighting*
                                        *Electric Appliance Co., Ltd and Obert, Inc.*

## RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1(d), I hereby certify that the above-captioned matter is not

subject to compulsory arbitration in that Plaintiffs seek, *inter alia*, injunctive relief.

Dated: June 30, 2025                    **TROUTMAN PEPPER LOCKE LLP**

By:  */s/Stephanie L. Jonaitis*
Stephanie L. Jonaitis
104 Carnegie Center Dr., Suite 203
Princeton, NJ  08540
Tel.: (609) 951-4212
Fax: (609) 452-1147
Email: Stephanie.Jonaitis@troutman.com


*Counsel for Plaintiffs Jiaxing Super Lighting Electric Appliance Co., Ltd and Obert, Inc.*